OPINION of the Court, by
Ch. J. Boyle.
Harrison and Owings executed a joint obligation, binding themselves to deliver to Lane and Taylor a quantity of hemp, on or before a day therein named ; and at the time of executing the obligation there was an endorsement made on it to this effect, viz. “ it is understood that Owings is only the security of the within note, in case of the failure of Harrison.”
For a failure to deliver the hemp, an action of covenant was brought on the obligation against Harrison and Owings ; to which Owings separately pleaded, in substance, that by the endorsement aforesaid he was released from all responsibility until the failure of Harrison, and that the plaintiffs had never sued Harrison to judgment and issued execution thereon, or tried his solvency and sufficiency by any legal process, previous to the commencement of this suit, &c. Upon a demurrer to this plea, judgment was given for Owings ; to reverse which this writ of error is prosecuted by Lane and Taylor.
The question in this case turns upon the effect of the indorsement made upon the obligation. If it be considered as a separate and distinct agreement, not composing a part of the obligation, it is clear that it cannot pperate as a bar to the action. A covenant by an obli-gee never to sue a several obligor, though not in itself d release, is so construed by the law, for the purpose of avoiding a circuity of action. But a covenant not to sue a several obligor for a limited time, or never to sue a joint obligor, is not construed to be a release, because that would destroy the obligation entirely, which would be manifestly contrary to the intention of the parties.
But whether the endorsement should be taken as á part of the obligation or riot, is a point of which we have some doubt; nor do we suppose it material to be decided, since if it should be so taken we would nevertheless be of opinion that the plea was insufficient. In that case the expression with respect to the failure of Harrison, would most obviously be referable to his failure to perform the stipulation contained in the obligation, and could not, without the most strained and *248 artificial construction, be made to apply to his insolven-which idea alone the is predicated.
• The judgment is therefore erroneous, and must be reversed with costs.