Wilde J.
delivered the opinion of the Court. It is a well settled principle, that a covenant never to sue an existing demand is equivalent to a release ; not that such a covenant is in fact a release, but it is allowed so to operate, to avoid circuity of action. But a covenant not to sue for a limited time does not operate as a release, nor can it be pleaded in bar in an action upon an obligation or other demand. Bac. Abr. Covenant, L; Ayloffe v. Scrimpshire, Carth. 64; S. C. 1 Show. 46 ; S. C. 2 Salk. 573; 2 Saund. 48, in notis; Gibson v. Gibson, 15 Mass. R. 112. And in an action of assumpsit, a paroi agreement not to sue has a similar operation, and for the same *237 reason. Dow v. Tuttle, 4 Mass. R. 414. But if there is a covenant or agreement not to sue within a limited time, and a stipulation that the demand shall be forfeited if sued within the time limited, such an agreement not to sue and stipulation of forfeiture, may be pleaded in bar of an action on the demand brought within the period of limitation ; because such a stipulation is considered as an agreement for liquidated damages commensurate to the amount of the demand ; whereas, without such stipulation, the-damages to be recovered for the violation of an agreement not to sue, are not to be measured by the amount of the debt or demand, but may be more or less, according to circumstances. White v. Dinghy, 4 Mass. R. 433.
According to these principles, the plea in bar to the sixth count would be bad if the action had been brought in the names of the original promisees, and a fortiori in an action in the name of a boni fide indorsee. The letter of license or agreement not to sue, was made by T. G. & W. F. Cary, without any authority from the plaintiffs, so that no action would lie against the plaintiffs on that agreement. The defendant’s remedy for the violation of that agreement, is by action against T. G. & W. F. Cary, and the principle adopted to avoid circuity of action is not applicable.[1]
If an obligee gives a release to one of several obligors, all the obligors are thereby discharged ; yet if the obligee covenants not to sue one of several obligors, it will not operate so as to discharge the other obligors, for the covenant is not a release ■*-" its nature, but only by construction, to avoid circuity of action.[2]
We are therefore of opinion, that the plaintiffs are well entitled to judgment on the sixth count; and the other pleadings are immaterial.

 See Clopper v Union Bank of Maryland, 7 Har. & Johns. 92; Hoffman v. Brown, 1 Halsted, 429; Fullam v. Valentine, 11 Pick. 159; Winnans v. Huston, 6 Wendell, 471.

 See Lane v. Owings, 3 Bibb, 247; Shed v Peirce, 17 Mass. R. 623-Walker v. M‘Culloch, 4 Greenleaf, 421.