## HUSTONS *vs.* WINANS.

A *covenant* by a party holding a bond and mortgage against another, that for five years he will not seek, have or receive any other indemnity or satisfaction than what may be derived from the mortgaged premises, is broken by the commencement of a suit on the *bond* within the limited time.

THIS was an action of *covenant*, tried at the Delaware circuit in September, 1829, before the Hon. JAMES EMOTT, one of the circuit judges.

The plaintiffs were indebted to the defendant on a bond and mortgage: the defendant was proceeding to foreclose the mortgage, when on the 10th October, 1827, he entered into a covenant with the defendants, that he would not, until the full expiration of *five years* from that time, seek, have or receive any other indemnity or satisfaction due him on account of the bond and mortgage, than such as might be made out of the mortgaged premises; and that the goods, chattels and effects of the defendants should, during the said term, be exempt, unembarrassed and unprejudiced by any proceedings which the defendant might or could have by virtue of his claim. In July, 1828, the defendant caused a *capias* on the *bond* to be issued, on which one of the plaintiffs was taken. The plaintiffs were country merchants. They proved by one of their creditors, that the covenant of the defendant was obtained by his advice; that in consequence of its being obtained, he gave the defendants a credit of $1700, and became bound for them to other merchants in $400; that the credit of the defendants from the time of the obtaining of the covenant until the commencement of the suit stood fair in New-York; that on learning the commence-

ment of the suit, he pressed for payment or security, and obtained security for part of the debt due to him ; that he informed his friends in New-York of the service of the writ, and the credit of the defendants after that was worth little or nothing in New-York. They also proved by another person that he had been an endorser of their paper at the bank, and that after the service of the writ, he had refused to endorse for them. The defendant proved that the amount of the debt owing by the plaintiffs, to secure which he held their bond and mortgage, was $2300 ; that they had represented the mortgaged premises to be worth double that amount, that the premises had been sold at auction for $900, and produced a rent of only $100 per year. The defendant also offered to prove that the object of the covenant was only to exempt the goods of the plaintiffs from execution, and *not* to prevent a suit being brought ; and that the plaintiffs, at and after the execution of the covenant, promised to give a judgment for the balance due on the bond : which evidence was refused to be received. The judge charged the jury that the commencement of a suit by the defendant was a breach of his covenant, but whether the plaintiffs had sustained any injury thereby, and to what extent, were questions properly belonging to them. The plaintiffs having been obliged to procure the attendance of two witnesses from New-York at the circuit, to prove the covenant, the judge remarked that it would have been better if the defendant had not denied the letter of credit, as it had added much to the trouble and expense of the litigation, without touching the merits of the controversy, but that he had a right in law to make the defence. The jury found a verdict in favor of the plaintiffs for $500. A motion was now made to set aside the verdict.

*J. A. Spencer*, for defendant. The *suit* was not a breach of the covenant. The defendant covenanted that he would not for five years seek any other *satisfaction* of his debt than what could be obtained by means of his mortgage ; and specially, that the goods and chattels of the plaintiffs should not be proceeded against by him during the time specified. The bare commencement of a suit gives no satisfaction, nor does

UTICA,
July, 1830.

Hustons
v.
Winans.

it affect the goods of the plaintiffs; until execution issues the covenant is unbroken. The judge ought not to have commented on the fact of the defendant's having put the plaintiffs to expense in procuring testimony. The evidence offered ought to have been received. The plaintiffs were not entitled to recover any damages, 19 *Johns. R.* 241; at all events, they are excessive.

*S. Sherwood*, for plaintiffs. The covenant is substantially a letter of license, that for 5 years the persons and personal property of the plaintiffs should not be molested by the defendant. The covenant that the defendant would not *seek* satisfaction is equivalent to a covenant that he would *not sue*. The evidence offered was properly rejected, as its object was to vary the effect of the written instrument. The observation of the judge could not have misled the jury. The verdict is warranted by the evidence.

*By the Court*, SAVAGE, Ch. J. The judge was certainly correct; the commencement of the suit was clearly seeking satisfaction. The defendant offered to prove a promise by the plaintiffs when the covenant was executed, that they would confess a judgment; this was excluded, and properly: the covenant was to be construed by itself, and could not be controlled by any verbal agreement entered into when the covenant was executed.

The damages are said to be excessive, but we cannot say that they are unreasonably high. They are supposed by the defendant to have been enhanced by a remark of the judge, that it would have been better if the defendant had not denied the instrument, and thus put the plaintiffs to the expense of proving it, but that it was a defence which he had a right to make. This was certainly all correct, and not calculated to mislead the jury.

New trial denied.