### Winans vs. R. & G. Huston.

A covenant *not to sue* the obligor of a bond *for a limited time,* cannot be pleaded in bar to an action on the bond; the remedy of the party is on the covenant.

Demurrer to plea. The declaration is in debt on bond, dated 1st February, 1826, conditioned for the payment of a sum of money, on or before 1st June, 1827. The suit was commenced in October, 1828. The defendants *pleaded,* in bar of a recovery, that on the 10th October, 1827, the plaintiff entered into an agreement under seal, whereby he covenanted with the defendants that he would not, until the full expiration of *five years* from the date thereof, seek, have, or receive any other indemnity or satisfaction, on account of a certain bond and mortgage theretofore executed by the defendants to him, except such satisfaction or indemnity as he might make out of the mortgaged [premises; and further, that the goods, chattels, and effects of the defendants should, during the term of five years after the date of the agreement, be exempt, unembarrassed, and unprejudiced, by any proceeding which the plaintiff might have by virtue of his claim against the defendants. Then followed an averment that the bond mentioned in the agreement, and that on which the suit was commenced, was one and the same instrument. The plaintiff demurred.

*J. A. Spencer,* for the plaintiff. This suit is not a breach of the covenant entered into by the plaintiff. Until the plaintiff seeks satisfaction otherwise than against the mortgaged premises, the defendants cannot complain. The judgment which may be rendered in this suit, he may enforce against those premises; and if so, he only exercises the right which he reserved. The agreement entered into is not a covenant not to sue; but if it be so, it cannot be pleaded in bar, for such defence would destroy the plaintiff's right of action. 19 *Johns. R.* 129. 2 *Saund.* 48, *a. n.* 1. 2 *Salk.* 573. 6 *Johns. Ch. R.* 250. The remedy of the defendants, if any, is by a cross action.

*S. Sherwood,* for the defendants. The agreement of October, 1827, is substantially a letter of licence. The covenant not to *seek satisfaction, except out of the land,* is equivalent to an engagement not to sue. If the object of the plaintiff is to proceed against the land, why not proceed by foreclosure of the mortgage? The agreement operates, not as a perpetual bar, but as a bare suspension of the right of action. In *Chandler* v. *Herrick,* 19 *Johns. R.* 129, cited on the other side, Ch. J. Spencer did say that a covenant by an obligee not to sue his obligor within a specified period, does not amount to a defeasance and cannot be pleaded as such, and that the obligor is driven to his action for a breach of the covenant; but it was not necessary to the decision of that case, that such principle should have been adopted, the agreement there not amounting to a covenant not to sue. Sergeant Williams, in his note to 2 *Saunders,* 48, *a. n.* 1, admits that a letter of licence amounts to a defeasance. A *release* must be pleaded in bar, but an agreement like the present can only be pleaded as a defeasance, which operates as a suspension of the plaintiff's right of action. 12 *Mod.* 415. 2 *Salk.* 575. 1 *Show.* 306. *Carth.* 210. *Holt's R.* 547. 1 *Str.* 127. An obligation may be defeated by a defeasance made *after* the condition, as well as before. *Co. Litt.* 207, *a.* 236, *b.* 237, *a. Cro. Eliz.* 755. *Carth.* 64. A covenant extending the time of performance of an agreement, is a bar to an action on the agreement. 14 *Johns. R.* 172. The judgment

Winans
v.
Huston.

in a case like this, is, that the plaintiff take nothing by his bill, *Cro. Car.* 383, and not a general judgment for the defendant.

*By the Court,* MARCY, J. A question of construction is raised on the agreement pleaded by the defendants. Is the bringing of an action on the bond a violation of the covenant not to seek, have, or receive satisfaction or indemnity for the debt due to the plaintiff? To say that it is not, it appears to me, would be to disregard that cardinal rule of construction which directs us to look for, and be guided by the intentions of the parties. The plaintiff must have understood, or, at all events, he must have been satisfied, that the defendants understood, that he was not for five years to look beyond the mortgaged premises for the satisfaction of his debt, and that they were not to be otherwise molested on account of it. If the commencement of the suit, the prosecution of it, and the bare recovery of a judgment, is not seeking satisfaction or indemnity, within the meaning of the covenant, yet, by the suit, the credit of the defendants might be seriously affected, and the transaction of their business embarrassed by a judgment, although nothing should be done by way of enforcing it. I have no difficulty in saying that the prosecution of the bond is an act that the covenant was intended to guard against, and that the covenant is broken by the prosecution. This very point, arising on this very covenant, was settled at the last July term, in a suit between the same parties, 5 *Wendell*, 163.

But can the breach of this agreement be set up as a defence to this suit? The rule laid down in *Chandler* v. *Herrick*, 19 *Johns. R.* 129, is, that a covenant not to sue an obligor may be pleaded as a release ; but a covenant not to sue him *for a given time,* does not amount to a defeasance, and cannot be pleaded as such, but is a covenant only, for the breach of which the obligor may bring his action. Notwithstanding the rule is mentioned in the case referred to, the counsel for the defendants insisted that we ought not to look upon the decision of the court as an express adjudication affirming it, because the covenant in that case was not consid-

ered as amounting to a covenant not to sue; and as the rule was not required to be used in that case, it was not therefore necessarily sanctioned. If the decision in *Chandler* v. *Herrick* did not recognize the rule, it is too well established by other authorities to be called into doubt. It has the approval of Sergeant Williams, 2 *Saund.* 48, *a. n.* 1, and is clearly established by the authorities to which he refers. A covenant by the obligee not to sue the obligor in ninety-nine years, is not a defeasance, nor a release, and cannot be pleaded in bar to debt on the bond. The defendant, Ch. J. Holt said, must take his remedy on his covenant. *Ayloffe* v. *Schrimpshire,* 1 *Show.* 46, *case* 36. 2 *Salk.* 573, *S. C.* To an action of debt on bond, the defendant pleaded a covenant by the plaintiff that he would not sue before *Michaelmas.* To this plea there was a demurrer. The court decided at once for the plaintiff. They held the covenant did not enure as a release, and that it could not be pleaded in bar to the suit, but the defendant must prosecute his writ of covenant for the breach; but where it is a covenant not to sue, without limitation of time, it enures as a release, for the purpose of preventing circuity of action. *Drew* v. *Jefferies, Cro. Eliz.* 352. *Roll. Abr.* 939. 21 *Hen.* 7. As I understand the argument on the part of the defendants, it was that the covenant merely enlarged the time for the payment of the bond, and suspended the right of action until the expiration of the five years; and that if judgment were given in this case for them, it would only be that the plaintiff take nothing by his bill, and would not bar his right to recover on the bond after the expiration of five years. The reason that a covenant not to sue for a limited time, has not been allowed to suspend the right of the plaintiff to sue until the expiration of that time, is to be ascribed to that principle of law which holds, that if the right of action is once suspended by the act of the party, it is wholly gone. "An action personal, suspended for an hour, is extinct and gone forever, when it is by the act and consent of the party himself." *Dyer,* 140, *a.* In the case of *Wankford* v. *Wankford,* 1 *Salk.* 302, Powell, J., alluding to the reason of the decisions establishing the rule that if an obligee makes the obligor his executor, the action against him is lost forever, even if

the executor does not take upon himself the execution of the will, ascribes it to the principle that a " personal action, once suspended by the act of the party, is gone forever ; and though in some cases it may be suspended and revive again, yet never where that suspension is from the act of the party." Mr. Evans, in a note to the case of *Ayloffe* v. *Schrimpshire*, 2 *Salk.* 573, attributes to the same principle the rule of law that a covenant not to sue for a limited time, has been adjudged not to suspend the right to sue within that time. " The covenant," he says, " must be either an absolute discharge, or a mere covenant ; the former of which being manifestly repugnant to the intent, shall not be implied." In this case the covenant was not intended to discharge the bond ; but if we give it the effect contended for by the counsel for the defendants, it will, according to the authorities I have referred to, produce that result. We must therefore permit it to operate only as a mere covenant, and not as a release of the bond or of the right to sue for a limited time, which would give it the effect of an absolute release.

Judgment for plaintiff.