CHALON GUARD et al., Appellants, v. JAMES A. WHITESIDE, Appellee.

APPEAL FROM HARDIN.

A covenant never to sue is regarded as an absolute release. But a covenant not to sue for a limited time cannot be pleaded in bar of an action brought before such time has expired.

If a covenant not to sue for a limited time is broken, the party aggrieved must bring an action for a breach of the covenant.

THIS was an action of debt brought in the Circuit Court of Hardin county, upon an injunction bond. The appellants filed a plea in bar, stating that on the 10th day of April, 1851, it was agreed between the parties to the suit that if the appellants would give the appellee a horse worth seventy-five dollars he would not bring suit on the bond until the 25th of December, 1851; that the horse was delivered in pursuance of this agreement. To which plea there was a demurrer, which was sustained; and the appellants not answering further, the court, Denning, Judge, presiding, rendered a judgment for the penalty of the bond, to be discharged by the payment of $594.34 damages, which were assessed by the court, by agreement of parties. The error assigned was the sustaining of the demurrer to the plea.

The action was commenced in July, 1851.

T. G. C. DAVIS, for appellants.

S. S. MARSHALL and W. K. PARISH, for appellee.

The plea alleges an agreement not to sue for a limited time. Such an agreement does not amount to a release of the obligor's right of action; he may proceed by suit at any time. 6 Wend. 471; 19 Johns. 129; Bacon's Abridg. letter A, 2, vol. 8, page 248; 6 Munf. 8; 2 Williams's Saund. R. 48; 3 Mee. & Welsby, 210; 8 Pick. 229; 11 Id. 159; 2 Johns. 447; 4 Mass. 414; 3 Bibb, 247; 4 Greenl. R. 421; 15 Mass. 112.

TREAT, C. J. The defendants pleaded in bar of the action, that, before the commencement thereof, the plaintiff agreed with

one of them to forbear the collection of the bond until the 25th of December, 1851, if said defendant would pay and deliver a certain horse at the price of $75, which horse was then delivered. The agreement relied on in the plea must be considered as an undertaking by the plaintiff not to sue on the obligation within a specified time. A covenant never to sue is regarded as an absolute release. It is so held to avoid circuity of action; for, if the covenantor should be permitted to sue in violation of his covenant and recover, the other party, in an action for a breach of the covenant, would recover precisely the same damages. But a covenant not to sue within a limited time cannot be pleaded in bar of an action brought before the time has expired. The remedy of the party is a direct action on the covenant. The law on this subject is too well established to admit of doubt or discussion. It is only necessary to refer to some of the principal authorities. Thimbleby *v.* Barron, 3 Mees. & Wels. 210; Winans *v.* Huston, 6 Wend. 471; Perkins *v.* Gilman, 8 Pick. 229; Walker *v.* McCulloch, 4 Greenl. 421; Ward *v.* Johns. 6 Munf. 6; Lane *v.* Owings, 3 Bibb, 247. There is a very satisfactory reason why a plea in bar of the action should not be sustained. A judgment for the defendant, on such a plea, would for ever conclude the plaintiff from bringing another action. There would seem to be a propriety in allowing a defendant to set up the covenant, as a defence to the further maintenance of an action brought in violation thereof — such a defence as would defeat the particular action, without concluding the plaintiff from bringing another after the time limited had expired. But we must be understood as expressing no opinion upon the question, whether the rules of the law will tolerate a defence of this character.

The judgment is affirmed.

*Judgment affirmed.*