ZACHARIAH A. MORROW *et al.*, Appellants, *v.* THE PEOPLE, for the use, etc., Appellees.

### APPEAL FROM GREENE.

If the obligee of a joint and several bond, sues the obligors jointly, he must prove a joint contract, and recover against all, or none; unless a personal defense is successfully interposed, in which case, a judgment may be entered against those to whom such defense does not apply.

THIS was an action of debt on the office bond of Lewis W. Link, as master in chancery, of Greene county, with Samuel Heaton, Z. A. Morrow and Anthony S. Seely, as securities thereon. The suit was instituted against all the parties to said bond ; (said bond being joint and several in its terms.) Heaton, Morrow and Seely were before the court. Heaton filed a plea of *non est factum*, with affidavit of its truth as to him. Morrow and Seely pleaded *non est factum*. On these pleadings, issue being joined and cause being heard by court, the court found the issue for Heaton as to his plea, and for plaintiffs as to the issue tendered by Seely and Morrow. Seely and Morrow moved in arrest of judgment, because the finding ought to have been against all of the defendants before the court, or for all ; which was overruled. Said defendants then moved for a new trial for the same reasons, which was overruled, and the court rendered judgment against Seely and Morrow for $154.58 ; from which judgment Seely and Morrow appealed, and assign the following errors, to wit:

The court erred in finding the issue made by Seely and Morrow against them, when issue made by Heaton was found for him.

The court erred in overruling motion in arrest of judgment.

The court erred in overruling motion for new trial.

The court erred in rendering judgment against defendants Seely and Morrow.

JAMES W. ENGLISH, for Appellants.

JOHN M. PALMER, for Appellees.

BREESE, J. If the obligee in a joint and several bond, shall elect to sue the obligors jointly, when he could sue them severally, he must take the consequences of his election. He must, on trial, to sustain his action, prove a joint contract against all, and recover against all, or none, unless one of the parties interpose a defense personal to himself, as infancy or bankruptcy, in

which case a *nolle prosequi* may be entered against such, and a judgment entered against the others. Such a defense does not go to the action of the writ, but is matter of personal discharge. Not so in this case. The plea of *non est factum* goes to the action of the writ, and being found for the defendant, discharges the other defendants, for being sued as joint makers of the bond, and the fact being found that one of the parties did not make the bond, the others could not be joint makers as pleaded. One party being discharged, all are necessarily discharged. *Morton* v. *Croghan*, 20 Johns. 106; *Hall* v. *Rochester et al.*, 3 Cowen, 374. This could have been avoided by suing the defendants separately.

The judgment of the court below is reversed.

*Judgment reversed.*