## SHADRACK WILBURN

*v.*

## SAMUEL HAINES.

1. FORCIBLE DETAINER—*against a purchaser in possession.* Under the act of twentieth February, 1861, amendatory of chapter forty-three, of the revised statutes of 1845, the vendor of land may maintain an action of forcible detainer against the vendee, where the latter has entered into possession of the premises under a contract of purchase, but before obtaining a

deed of conveyance to the same, and fails or refuses to comply with the terms of the contract.

2. Nor is it necessary for the vendor to put the vendee in *statu quo* before he can resort to the remedy, the proceedings, not amounting to a rescission of the contract, and the vendee can as well enforce the contract when out of possession, as when in, and if there are any equitable circumstances in his favor to influence the judgment of a court of chancery, he may obtain a decree for a specific performance.

3. A sold to B a tract of land, for the sum of two thousand four hundred dollars, of which five hundred dollars was paid in hand, B. executing two notes for the balance, of nine hundred and fifty dollars each, due in one and two years, with interest, A giving his bond, conditioned that if B should pay the notes and interest, according to their tenor and effect, he would execute a deed to the land. Under this contract, B went into possession: *Held*, upon failure and refusal by B to pay the first note, and interest when due, and upon demand being made by A for possession of the premises, A could maintain his action of forcible detainer.

APPEAL from the Circuit Court of Sangamon county; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

This was an action of forcible detainer, commenced by Samuel Haines against Shadrack Wilburn, to recover possession of land sold by Haines to Wilburn. Wilburn paid in hand five hundred dollars to Haines, and executed two notes for the balance, of nine hundred and fifty dollars each, with interest, due in one and two years. Haines executed his bond to Wilburn, which contains this clause: "Now if said Shadrack Wilburn shall well and truly pay said notes and interest at the time the same shall become due and payable, according to their tenor and effect, then and in that case the said Samuel Haines is to make him a good and sufficient warranty deed for the above described lands, and this bond to be void." Under this contract Wilburn took possession of the premises, but upon his failure to pay the first note, and interest, when due, Haines demanded possession, which being refused, he brought this suit. Upon a trial being had in the circuit court, judgment was entered for the plaintiff, and to reverse this judgment, defendant appealed.

Messrs. HERNDON & ORENDORFF, for the appellant.

We contend that this bond is a simple one, having no clause of forfeiture. It does not make time the essence of the contract. There was no evidence that Haines ever gave notice that he intended to rescind the contract. There was no evidence that Haines tendered the money back which Wilburn paid him. There was no evidence that Haines offered the notes or tendered them to Wilburn, thus rescinding and putting an end to the contract, and placing Wilburn in *statu quo.*

It seems necessary, according to the decisions of this court, that if time in this case had been made the very essence of the contract, notice, or something manifesting an intention on the part of Haines to annul the contract, should have been given to Wilburn. *Murray* v. *Schlosser,* 44 Ill. 14; *Chrisman* v. *Miller,* 21 Ill. 227; *Carnney* v. *Newberry,* 24 Ill. 203.

No man can rescind a contract, even when he has the power to do so, unless he rescinds the contract, as a general rule, *in toto,* placing all parties in *statu quo,* on the same safe footing that each had and enjoyed before the contract. *Cunningham* v. *Fithian,* 2 Gilm. 650; *Buchenan* v. *Horney,* 12 Ill. 336; *Jennings* v. *Gage,* 13 Ill. 610; *Smith* v. *Doty,* 24 Ill. 165; *Anderson* v. *White,* 27 Ill. 63; *Ryan* v. *Brant,* 42 Ill. 78.

But in this case, time was not made the essence of the contract; and in that case, he could not, of his own mere motion, rescind. Equity would do it for him. Compensation, and not rescission, is the rule in this case. 2 Parsons on Contracts, 541, 545, with authorities and notes; *Selby* v. *Hutchinson,* 4 Gilm. 319; *Dogget* v. *Brown,* 28 Ill. 493; *Ryan* v. *Brant,* 42 Ill. 78.

Messrs. CULLOM, ZANE & MARCY, for the appellee.

The most that could be implied by the contract, was a permission to enter, while the conditions were maturing, as a

14—53RD ILL.

tenant at will, and occupy as such. And, not having complied with the terms of the contract, the defendant was at liberty to treat the contract as rescinded, and regain the possession by an action of ejectment, or an action for the wrongful detention of the property, as in this case. *Dean* v. *Comstock,* 32 Ill. 180 ; *Prentice* v. *Wilson et al.* 14 Ill. 93 ; *Whiteside* v. *Jackson,* 1 Wend. 418 ; *Baker* v. *Tessel,* 16 Ohio, 485.

In equity, compensation is the rule; time is not, unless made so. Otherwise at law; and this being such a proceeding, the plaintiff has no rights. He has lost all, at law.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

In February, 1868, appellee sold appellant a tract of land in Sangamon county, for the sum of twenty-four hundred dollars, of which five hundred dollars were paid in hand, and two notes, executed by the vendee, of nine hundred and fifty dollars each, one payable one year after date, and the other payable two years after date, with interest at ten per cent, payable annually. The vendor gave a bond for a deed, the condition of which was the usual condition in such sales, that if the vendee should pay the notes and interest when due, according to their tenor and effect, the vendor would make him a deed to the land. Under this contract the vendee went into possession, and after the expiration of one year, the vendor demanded payment of the amount due, being the principal and interest of the note first due, and the interest on the note due in two years. Payment being refused, the vendor demanded possession of the premises, and that being refused, he brought his action of forcible entry and detainer against the vendee, and the only question made is, is the action maintainable ?

It was to meet and provide for precisely such a case as this, that the act to amend the statute in relation to forcible entry and detainer, and landlord and tenant, was passed by the legislature in 1861.

The first section of that act declares, that chapter forty-three, of the revised statutes of 1845, shall be extended to all cases between vendor and vendee, where the latter has obtained the possession of land under a contract, by parol or in writing, and before obtaining a deed of conveyance of the same, fails or refuses to comply with such contract. Sess. Laws 1861, p. 176, sec. 1.

This act, we said in *Jackson* v. *Warren*, 32 Ill. 339, was a remedial act, and should receive a liberal construction. But here there is no necessity for construction. The act, by its terms, provides for this very case. The defendant has failed to comply with the contract, and holding over after a demand made of the possession, was wrongful. Such possession as the vendee had, was a mere permission by the vendor that he should enjoy the premises while the contract was maturing.

The argument of appellant, that the vendor must put the vendee in *statu quo* before he can resort to this remedy, is based on the idea that these proceedings amount to a rescission of the contract. This is not so. The vendee can as well enforce the contract when out of possession, as when in ; and if there are any equitable circumstances in his favor to influence the judgment of a court of chancery, he may obtain a decree for a specific performance.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*