MORTON CULVER

*v.*

WILHELMINA JOHNSON.

1. PRACTICE—*amending affidavit of merits.* Where a defendant files an affidavit of merits with his plea, in substantial compliance with the statute, which is adjudged insufficient, if he files an amended affidavit showing the defense, which is insufficient, he can not assign for error the decision as to the first. By amending he waives it, and having undertaken to comply with a rule to file an amended one, and stating the facts, he must show a meritorious defense.

2. GENERAL ISSUE—*defense under—matter in abatement.* An agreement, after the maturity of a note on a valid consideration, to extend the time of payment beyond the time when suit is brought on the note, can not be pleaded in bar of the action, but only in abatement, and therefore can not be shown under the general issue.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. MORTON CULVER, *pro se.*

Messrs. GARDNER & SCHUYLER, for the appellee:

The defendant having undertaken to comply with the rule of the court, it was incumbent on him to set forth in detail such facts as would show a meritorious defense. *Stuber* v. *Schack,* 83 Ill. 191; *Hays* v. *Loomis,* 84 id. 18.

The matter stated in the amended affidavit is in abatement and not in bar of the action, and comes too late after pleading in bar. *Archibald* v. *Argall,* 53 Ill. 308; *Palmer* v. *Gardiner,* 77 id. 145.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Appellee sued appellant in the Superior Court of Cook county, upon a promissory note executed by appellant to one. Stubbings, and by said Stubbings assigned to appellee. An affidavit of claim was filed with the declaration. Appellant

filed the general issue, and therewith an affidavit of merits, which was probably in substantial compliance with the statute,—but it was by the court adjudged to be insufficient. Appellant was then ruled to file on the following morning an amended affidavit showing his defense. The amended affidavit was filed, but it was held by the court the defense shown was not a good one, and it was ordered the plea and affidavit of merits be stricken from the files; and thereupon the court assessed the damages at $547, and rendered judgment therefor.

The question of the sufficiency of the first affidavit filed with the plea, is not before us. If appellant had intended to rely on that affidavit he should have stood by it, but by filing the second or amended affidavit he waived the first, and relied wholly on the second. He was not bound to observe the rule entered requiring him to file this second affidavit, but, having undertaken to comply with the rule, it was incumbent on him to show he had a meritorious defense to the alleged cause of action. *Stuber* v. *Schack*, 83 Ill. 191; *McCormick* v. *Wells*, ib. 239; *Hays* v. *Loomis*, 84 id. 18.

In the second affidavit appellant did not content himself with following the language of the statute, but stated the particular facts which constituted his defense, and the facts thus stated negatived the idea he had any defense he could then make to the cause of action set forth in the declaration. The defense disclosed by the affidavit was, that after the maturity of the note and before its assignment by Stubbings to appellee, he, Stubbings, in consideration of the agreement of appellant to pay within thirty days $100, back interest and a bonus of $75, agreed to extend the time of payment for one year; but that Stubbings transferred the note to appellee, who took with full notice, and that, in violation of the agreement, a sale under a trust deed given to secure the note, was advertised within the thirty days and the land sold; and that the suit was commenced before the 1st day of November, 1877, to which time the payment of the note had been extended by said agreement.

According to the decision of this court in *Archibald* v. *Argall,* 53 Ill. 307, when an action is prematurely brought, because of an agreement to extend the time of payment, which has not elapsed, it is matter in abatement only, and not in bar of the action; and such defense can not be interposed after a plea in bar. It may be, if the defense had been, that at the time of the institution of the suit the money was not due by the terms of the contract sued on, a different rule would apply, but as the matter here relied on was a subsequent agreement *dehors* the contract counted on in the declaration, that question is not now before us for decision. The case may be somewhat analogous to that of a plea of coverture as to contracts made prior to the recent statute. As to such contracts it is the law that coverture at the time of making the contract may be given in evidence under the general issue, but that coverture which has taken place since the making of the contract must be pleaded in abatement. 1 Chit. Pl. 477; *Streeter* v. *Streeter,* 43 Ill. 155. Under the general issue appellant could not have availed himself of his supposed defense, even if his plea had been allowed to stand, and he was not injured by the act of the court in striking it from the files.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: I can not concur in the views expressed in this case. Until a debt is due, the creditor has no cause of action. The fact that it is not due, is matter in bar and not of abatement, and this, whether the time of payment is governed by the terms of the original contract, or by a subsequent valid contract. The question was not involved in the case quoted in 53 Ill., and what is said in that case ought, I think, to be disapproved.