WILLIAM BABCOCK ET AL.

v.

NICHOLAS HAMENDE.

CONTRACT FOR SALE OF LAND—RESCISSION.—A contract for the sale of lands, deed to be given on payment being made as described therein, is not broken by the vendor bringing a suit of forcible detainer and g .tting possession of the lands, the agreement not providing for possession by the vendee; nor does this fact present a defense to a suit upon a note given for the purchase money under the agreement.

APPEAL from the County Court of Iroquois county; the Hon. MANLIFF B. WRIGHT, Judge, presiding. Opinion filed January 3, 1879.

Messrs. KAY & EUANS, for appellants; that forcible detainer may be brought against a vendee in possession to regain possession on his failure to comply with the agreement, cited Rev. Stat. 1874, chap. 57, § 2; Wilburn v. Haines, 53 Ill. 207; Monsen v. Stevens, 56 Ill. 335.

Mr. TRACY B. HARRIS, for appellee, as to the right of possession by vendee under the contract, cited Williams v. Forbes, 47 Ill. 148.

Being let into possession he is a tenant at will; Dean v. Comstock, 32 Ill. 173.

A contract cannot be rescinded in part and enforced in part; Bowen v. Schuler, 41 Ill. 193; Ryan v. Brant, 42 Ill. 78.

SIBLEY, J. On the 4th of March, 1878, the appellants brought suit against appellee upon a promissory note in these words:

"$850. On or before July 1st, A. D. 1875, I promise to pay Wm. Babcock, Sr., H. F. Ingersoll or order, eight hundred and fifty dollars, with interest at ten per cent. per annum, payable annually, both principal and interest payable at Babcock's office, in Canton, Illinois.

"NICHOLAS HAMENDE.

"Ashkum, October 19, 1874."

The defendant in the action pleaded: 1st, the general issue, and 2nd, a special plea as follows:

"And for a further plea in this behalf, the defendant says *actio non*, because he says that the said several supposed causes of action in each of the counts in said declaration are for one and the same thing, to-wit: The said promissory note in said declaration mentioned. And as to said note, the defendant says the plaintiffs ought not to maintain their said action, because he says that heretofore, to-wit: on the 19th day of October, 1874, at the said county, the plaintiffs and the defendant entered into a contract in writing, which said contract is as follows, to-wit:

"Know all men by these presents, that we, Henry F. Ingersoll and Wm. Babcock, Sr., of the county of Fulton, State of Illinois, are held and firmly bound unto Nicholas Hamende, of the county of Iroquois, State of Illinois, in the penal sum of eight thousand eight hundred dollars, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, and every of them, firmly by these presents. Signed with our hands and sealed with our seal, this 19th day of October, A. D. 1874.

"The condition of the above bond or obligation is such, that whereas, the above bounden Henry F. Ingersoll and Wm. Babcock, Sen., have this day sold unto the said Nicholas Hamende, the following described real estate, situated in the county of

Iroquois, State of Illinois, to wit:   The south half (S$\frac{1}{2}$) of the northwest quarter (NW$\frac{1}{4}$), and north half (N$\frac{1}{2}$) of the south-west quarter (SW$\frac{1}{4}$), of section number seven (7), in township twenty-seven (27), north of range thirteen (13), west of second principal meridian, containing one hundred and fifty-seven and 26 one-hundredths acres (157.26), be the same more or less. Possession to be given by March first, A. D. 1875, for the sum of forty-four hundred (4,400) dollars.   And whereas, the said Nicholas Hamende, to secure the payment of the said sum of money, has this day executed and delivered the said Henry F. Ingersoll and Wm. Babcock, Sen., his notes payable as follows, to wit:   One note for two hundred dollars, due and payable on or before November 19th, 1874.   One note for eight hundred and fifty dollars, due and payable on or before July 1st, 1875. One note for eight hundred and fifty dollars, due and payable on or before July 1st, 1876.   One note for eight hundred and fifty dollars, due and payable on or before July 1st, 1877.   One note for eight hundred and fifty dollars, due and payable on or before July 1st, 1878; and one note for eight hundred dollars, due and payable on or before July 1st, 1879; all of said notes drawing interest from date at the rate of ten per cent. per annum, interest payable annually; both principal and interest payable at Babcock's office, in Canton, Illinois.

" Now, therefore, if the said Nicholas Hamende, his heirs or assigns, shall well and truly, without defalcation or discount, pay unto the said Henry F. Ingersoll and Wm. Babcock, Sr., their heirs or assigns, the principal and interest, according to the tenor of the above described notes at maturity, and also pay all taxes or assessments upon said premises, made or laid after the date hereof, including the present year's taxes and assessments, without suffering the same or any part thereof to .be sold therefor, all of which is to be taken and considered as a condition precedent on the part of the said Nicholas Ha-mende, his heirs or assigns, then the said Henry F. Ingersoll and Wm. Babcock, Sr., upon demand therefor, is to execute and deliver a good and sufficient deed of warranty for the said premises, to the said Nicholas Hamende, his heirs or assigns, or to whomsoever he may direct; which, when done, this bond,

these presents, and all herein contained, to become null and void. But should default be made or suffered on the part of the said Nicholas Hamende, his heirs or assigns, in any of the conditions above specified on his part, then it shall be at the option of the said Henry F. Ingersoll and Wm. Babcock, Sr., their heirs or assigns, to enforce a performance of the same in law or equity previous to the making or tender of a deed for the said premises, or to declare this contract void and at an end. And in case of this contract being declared void and ended, upon default as aforesaid, the said Nicholas Hamende, his heirs or assigns, or any person or persons claiming. by, through or under him or either of them, are to be taken and considered as tenants at sufferance (being in possession of the said premises), and shall surrender the full and peaceable possession of the said premises, together with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, upon thirty days' notice in writing, left or posted upon the said premises; and the said Nicholas Hamende, his he'rs or assigns, shall forfeit all payments made thereon, and be liable for all damages done or suffered upon the said premises; and the title to the said premises to be and remain in the said Henry F. Ingersoll and Wm. Babcock, Sr. their heirs or assigns, the same to all intents and purposes as if no sale had been made.

"Witness our hand seals, this 19th day of October, A. D. 1874, aforesaid.

"HENRY F. INGERSOLL,   [L. S.]

"WILLIAM BABCOCK, SR.,   [L. S.]

"Signed, sealed and delivered ⎱
   in presence of  . . . . ⎰

"That said note in said declaration mentioned, in the second contract mentioned, given for the purchase money of the land therein described. That the defendant, in pursuance to said contract, on the first day of March, A. D. 1875, entered into the possession of the said land in said contract described. And that afterwards, to wit: on the fifth day of October, A. D. 1878, the defendant having failed to pay the said note in said declaration mentioned, and the notes maturing thereafter in said

contract mentioned, the plaintiffs having on the fourth day of October, A. D. 1878, demanded possession of said premises, in writing, and without giving the thirty days' notice in said contract mentioned, commenced an action of forcible detainer before Asa B. Roff, Esq., one of the justices of the peace of said county, for the recovery of the possession of said land, in which said action the said plaintiffs were plaintiffs and the defendant was defendant; and in which said action such proceedings were had that a judgment was afterwards, to wit: on the 11th day of October, A. D. 1878, rendered therein in favor of said plaintiffs, and against the defendant, awarding to said plaintiffs the possession of said land, which said judgment is now in full force and effect; and afterwards, to wit: on the 16th day of October, A. D. 1878, possession of said land was, by virtue of said judgment, delivered by the defendant to the plaintiffs. And the defendant alleges that the plaintiffs thereby elected to declare, and hath thereby declared the said contract forfeited, and at an end, and hath thereby released and discharged the defendant from the payment of the said note in said declaration mentioned, and this the defendant is ready to verify, wherefore he prays judgment.

"By TRACY B. HARRIS,
"Defendant's Att'y."

To this plea the plaintiffs interposed a demurrer, which was overruled by the County Court, and the only question here presented is whether the court erred in passing upon the sufficiency of that plea, which we think is very manifest. It appears from the record that the forcible detainer proceeding before the justice of the peace was not commenced until after the suit was brought upon the note in question. Hence the defense, if available at all, should have been pleaded *puis darrein continuance.* But the plea presented no substantial defense to the action. Counsel argue the case as if it was a breach of the contract on the part of the appellants to bring suit to recover possession of the premises described in it, and therefore appellee had the right to declare a rescission. The fault in the reasoning consists in assuming a fact that does not exist. There is not a word in the contract about the right of the vendee to

Babcock et al. v. Hamende.

retain possession of the premises until the expiration of the time fixed for the payment of the whole of the consideration money, and it is only by inference that the contract permitted him to take possession of the lands bargained for. In Wilburn v. Haines, 53 Ill. 207, it was held that the bringing of a suit by the vendor against the vendee to recover possession of the premises, did not amount to a rescission of the contract. It is true that it does not appear in the case whether the vendee entered into possession under the contract by a verbal or written permission from the vendor, yet we are unable to discover any distinguishable difference between the two cases.

There is no pretense in this case that the vendors had ever expressed any intention to declare a forfeiture of the contract; but on the contrary, were seeking to enforce it by bringing suit on the note for a portion of the consideration money, and as there is nothing in the contract to prevent them from taking possession, the vendor's had the right, as was said in Wilburn v. Haines, to " enjoy the premises while the contract was maturing." The statute of 1861 incorporated in the revised laws of 1874, § 2, p. 535, was passed to provide for just such cases as this, where the vendee had been let into possession under a contract of purchase and neglected to pay the consideration, as agreed upon, he should not be allowed to take advantage of his own neglect, and retain the possession against the will of the vendor, without any election on his part to declare a forfeiture if the right existed. The case of Williams v. Forbes, 47 Ill. 148, referred to by counsel for appellee, where the facts were similar to those appearing in this case, except that the plea did not aver that the vendee entered into possession by virtue of the contract, notwithstanding it was there held that the plea was no sufficient answer to the declaration on the note, still counsel assert if the plea had alleged that the vendee entered into possession under the contract by the terms of it, then the plea would have been held good.

The court declined to express any opinion in such a case, and the assumption is wholly unauthorized.

The judgment of the court below is therefore reversed and the cause remanded. *Reversed and remanded.*