The H. B. Pitts' Sons' Manufacturing Company
v.
The Commercial National Bank.

*Covenant not to Sue within Limited Time—Plea in Bar in Action before Expiration of Time—Demurrer—Abatement.*

1.  A covenant not to sue within a limited time can not be pleaded in bar to an action brought before the time has expired, although contained in a composition agreement in which the rights of third parties are involved.

2.  In the case presented it is held that the plea is clearly in bar and can not be treated as a plea in abatement.

[Opinion filed December 11, 1886.]

In error to the Circuit Court of La Salle County.

Statement of the case by Lacey, J. This cause of action is based on three promissory notes of date January 2, 1883, for $1,192.16, due December 15, 1885, with interest at six per cent., executed by the H. A. Pitts' Sons' Mfg. Co. to A. B. Meeker & Co., and by them indorsed to the appellee; and another note dated March 21, 1885, for $654.61, due in ninety days, also executed by and to the same parties, and also indorsed to appellee; the third note was of date April 16, 1885, due in five months, executed by and to the same parties and indorsed to appellee, and was for the amount of $466.26.

To this cause of action appellant filed a plea in bar setting up that the appellee was not the *bona fide* holder of either of the notes, but held them in trust for Meeker & Co., the payees. That on the 1st of December, 1885, appellant being in embarrassed circumstances and unable to meet its financial obligations, and the said A. B. Meeker & Co. then threatening to sue appellants on said notes, and the said appellants being at the same time indebted in large sums to other creditors then due, who were also threatening to sue, the firm of Meeker & Co., at the request of defendants, and in consideration that

the other creditors would withhold suits against appellants, by giving further time of payment, agreed with appellants and with their other creditors to withhold suit against them, and to extend the time of payment on said notes as follows: One fourth of the amount of each of the notes till 15th December, 1886; one fourth of the amount of each until the 15th day of January, 1887; one fourth of the amount of each till the 15th day of December, 1887, and one fourth of the amount of each till the 15th day of January, 1888, and not to sue said appellants on either of said notes until default of payments on the said further days aforesaid. That the said other creditors did, in pursuance of their agreement, withhold suits according to agreement.

This suit was commenced and plea filed before either of the said installments became due in accordance with the said agreement. Appellee interposed a demurrer to the said plea which was sustained by the court, and appellants abiding by their plea, the court rendered judgment against them on the notes for $2,571.47, from which judgment this appeal in taken, and appellants assign for error the sustaining of the demurrer and rendering of judgment as aforesaid.

Messrs. BULL, STRAWN & RUGER, for plaintiff in error.

The Supreme Court, following the tendency of modern decisions to disregard a meaningless technicality, and in the plain furtherance of justice, and with the object of avoiding useless litigation, holds that a plea setting up a covenant not to sue within a limited time may be pleaded in abatement, if not in bar.

In this case the plea may properly be considered a plea in abatement. A judgment upon it would be no bar to an action after the extension had expired. It was pleaded at the first opportunity and was verified by affidavit. It is immaterial whether the plea concludes "wherefore it prays judgment, etc.," or "wherefore it prays judgment of the said writ and that the same may be quashed." Drake v. Drake, 83 Ill. 526.

It presented a defense calculated to protect not only the rights of plaintiff in error, but the rights of creditors who had been lulled into security by the mutual covenant to withhold

suit, and who had kept their agreement in good faith and lost whatever advantage might have been acquired by immediate action. It was, therefore, a substantial and meritorious defense, and the court properly allowed it to be amended. Drake v. Drake, 83 Ill. 526.

In none of the cases is it held that an agreement between a creditor and debtor that involves the rights of other creditors, or, in other words, a composition agreement between creditors and a debtor to extend the time of payment, can not be pleaded in bar. We believe that this amended plea was a good plea in bar, to protect the rights and interests of third parties. Perkins v. Lockwood, 100 Mass. 249; Farrington v. Hodgdon, 119 Mass. 453; Eaton v. Lincoln, 13 Mass. 424; Sage v. Valentine, 23 Minn. 102; Paddleford v. Thatcher, 48 Vt. 574; Fellows v. Stevens, 24 Wend. 294; Mellen v. Goldsmith, 47 Wis. 573; Pontius v. Durflinger, 59 Ind. 27; Renard v. Tuller, 4 Bosw. 107; Browne & Co. v. Stackpole, 9 N. H. 478; Pierson v. McCahill, 21 Cal. 122; Tatlock v. Smith, 6 Bing. 339; Austey v. Marden, 4 B. & P. 124; Wood v. Roberts, 2 Starkie, 417; Norman v. Thompson, 4 Exch. 755; Bradley v. Gregory, 2 Campb. 383; Butler v. Rhodes, 1 Esp. 236; Good v. Cheeseman, 2 B. & Ad. 328; Boyd v. Hind, 1 H. & N. 938; Steinman v. Magnus, 11 East, 390; Cockshott v. Bennett, 2 T. R. 763; Reay v. White, 1 Cr. & Mees. 748; Boothby v. Sowden, 3 Campb. 175; Belshaw v. Bush, 11 C. B. 190.

Mr. D. B. SNOW, for defendant in error.

Inasmuch as our own Supreme Court have recognized and adopted the rule that a covenant not to sue within a limited time can not be pleaded in bar to an action brought before the time has expired, the Circuit Court surely committed no error in following the admitted precedents. Guard v. Whiteside, 13 Ill. 7, and authorities therein cited; Perkins v. Gilman, 8 Pick. 229; Cent. Bank v. Willard, 17 Pick. 150; Winans v. Huston, 6 Wend. 471; Thimbleby v. Baron, 3 Mees. & W. 210.

LACEY, J. The question involved here is, can a plea in bar

be sustained to an action in a case where the time for the payment of the debt due had been extended by a new agreement between the parties based on a valid consideration, and that time has not expired before suit brought? And was there in this case a valid consideration? The first of these propositions has been settled in the negative by our Supreme Court in a number of cases. In Guard v. Whiteside, 13 Ill. 7, the court says : " A covenant not to sue within a limited time can not be pleaded in bar to an action brought before the time has expired. The remedy of the party is a direct action on the covenant. The law on this subject is too well established to admit of a doubt or discussion. * * * There is a very satisfactory reason why a plea in bar of the action should not be sustained. A judgment for defendant on such a plea would forever conclude the plaintiff from bringing another action." It was intimated, however, at the close of the opinion, that perhaps such agreement might be pleaded in abatement.

In Archibald v. Argall, 53 Ill. 207, and Canlan v. Johnson, 90 Ill. 91, it was held that such matter was in abatement and not in bar. We think that these authorities are conclusive of the case here. The plea was in bar and not in abatement. The demurrer, therefore, was properly sustained for that reason. The numerous authorities cited on page 9 of the brief of the plaintiff in error, we think not in point, as those were cases of composition agreements, where either there was an agreement to take less than the full amount of the debt or to take a third party for it, and in such cases the demand would be for the new amount agreed upon or against the third party.

The case of Drake v. Drake, 83 Ill. 526, is cited by plaintiff in error as authority for the doctrine contended for, that the plea in question though commencing and concluding as a plea in bar may be treated as a plea in abatement. We do not understand that the rule contended for goes to that length or that the case cited supports such claim. The plea in that case was a plea properly to the jurisdiction of the court on the grounds that service was had in Cook County where the defendant resided, and not in DeKalb where the defendant did

not reside and where the suit was brought, and that the cause of action was not local. The commencement and conclusion of the plea in the case above cited was a prayer of "judgment of the writ and declaration and that the same be quashed," in form a plea in abatement, and not "whether the court ought to have further cognizance of the writ," which would be in form of a plea to the jurisdiction of the court, which latter in order to preserve technical accuracy it should have been. A demurrer to the plea was sustained by the court, which action of the court was assigned for error. The court held the assignment good, and in deciding the case said, quoting a clause in the opinion in a former case, Humphrey v. Phelps et al., 57 Ill. 132 : "But the right of a party to be sued in the county where he resides and to have his cause tried there is statutory and he ought not to be denied that right, a right to him in many instances of the utmost importance, by any technical and metaphysical bearing in regard to pleas in abatement." The court also decided that the plea was amendable under Sec. 23 of the Practice Act of July, 1872. But we do not understand that the court has ever gone to the length of holding that a plea clearly in bar can be treated as a plea in abatement. In fact the case of Guard et al. v. Whiteside, and the other cases cited, expressly negative such an idea. The fact that this was a composition agreement to extend time can, as we conceive, make no difference. It is the same as though the contract had been to extend time for some other valid consideration such as for money above the debt due or interest in advance, etc. The fact, that the consideration here, which we are inclined to hold good, was that others should also give time, could not change the rule. All that is done by this agreement is to extend time. There is no composition of the debt or displacement of the original contract as was the case in Gillfillan v. Farrington, 12 Ill. App. 101. If in this case, as above said, this plea is good in bar, the appellee would be forever concluded of its cause of action if the defense was made good under such plea, which would work a great hardship and be in the highest degree unjust. Perceiving no error the judgment of the court below is affirmed.

*Judgment affirmed.*