### Alfred B. McChesney v. Fred C. Bell, for use of Gilbert B. Shaw, Receiver of the Park National Bank.

1. SURETIES.—*Equitable Defenses in Suits at Law.*—A defense upon equitable grounds by a surety, is available in an action at law upon an injunction bond.

2. DEFENSES.—*Agreements Not to Sue.*—An agreement never to sue upon a particular demand is a bar to an action on such demand and may be so pleaded, and will have the effect of a release.

3. SAME—*Personal to One Defendant.*—In an action upon a joint and several injunction bond against the principal and sureties, a defense personal to one of the sureties may be pleaded by him alone.

4. SAME—*What are Personal Defenses.*—Personal defenses include not only infancy, bankruptcy and the like, but all defenses which apply only to and are personal to one defendant.

Debt, on an injunction bond. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 3, 1895.

WM. J. AMMEN and H. CREA, attorneys for appellant, contended that the plea presents a good defense to the action, citing Melendy v. Keen, 89 Ill. 395; Peck v. Brown, 48 Ill. 55; Rothschilds v. Bruscke, 131 Ill. 265; Waite v. Kalurisky, 22 Ill. App. 382.

A defense which a surety may set up in equity, may be availed of at law. Flynn v. Mudd, 27 Ill. 326; Story, Equity, Secs. 325, 326; Parker v. Singer Mfg. Co., 9 Brad. 383.

SMITH, HELMER & MOULTON, attorneys for appellee, contended that the matter set out in the plea is nothing more or less than a prior or contemporaneous verbal agreement to the effect that the bond should not read as it appears to read on its face, but that somewhere between the lines should be read into the bond, the verbal agreement set forth in the pleas. In other words, it is an attempt to vary or contradict the terms of a written instrument, by a prior or contemporaneous oral agreement between the parties to it. The law merged the prior oral agreement into the written agreement, and therefore the pleas set up nothing but the bond laid in the declaration. Hypes v. Griffin, Admr., 89 Ill. 136; Powers v. Briggs et al., 79 Ill. 493; Mann v. Smyster, 76 Ill. 365; Nash v. Towne, 5 Wall. 689; Magee v. Atkinson, 2 M. & W. 439; Higgins v. Lemon, 8 M. & W. 834; Wurtzbarger v. Anniston Rolling Mills, 10 So. Rep. 129.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of debt by the appellee for the use of the receiver of the Park National Bank, upon an injunction bond, whereby the appellant, Alexander J. McDonald, and the Circulating Boiler Company, jointly and severally became bound to Samuel S. Chisholm, Canute R. Matson and the appellee, jointly and severally, conditioned appropriately for an injunction sued out by McDonald and the company against the obligees.

The appellant pleaded that at the time the bond was given the appellee was an employe of the bank; that both Chisholm and the appellee had judgments and executions levied against the company, but Chisholm's was first; that the object of the injunction suit was to avoid the Chisholm judgment, which was to the interest of the bank, as the appellee's judgment and execution were owned by the bank and would then be paid; that the president of the bank requested the appellant to sign the bond, the bank, by such president, undertaking that if the appellant would sign the bond he should not be liable for the judgment of the appel-

lee, and that the bank would save and protect the appellant against all loss and damages that might grow out of the bond; that relying upon this understanding the appellant signed. This, on demurrer, was held no defense.

The damages alleged were the non-payment of the appellee's judgment and costs in the injunction suit. Matson was only sheriff, having no interest. The Chisholm judgment is not involved.

If such defense be not good it must be because of some inexorable rule of law which can not be evaded; and while hard cases tend to make bad law, the law should not multiply hard cases. That the bank should have the benefit of an act procured by its president to be done, upon other terms than he procured it upon, is contrary to multitudes of cases, as well as to justice. Union Mutual Life Ins. v. Kirchoff, 133 Ill. 368, is one of the cases.

In this State defenses on equitable grounds are available to sureties at law. Flynn v. Mudd, 27 Ill. 323; Hawkins v. Harding, 37 Ill. App. 564; 141 Ill. 572.

The objection made to the defense is that "it is an attempt to vary or contradict the terms of a written agreement, by a prior or contemporaneous oral agreement between the parties to it."

This objection is based upon a confusion of ideas. It is true that an agreement never to sue upon a particular demand is a bar to an action upon that demand, not because it varies the obligation by which the demand is shown, but because the damages upon a breach of the agreement would be the amount recovered upon the demand, and to avoid circuity of action, the law is that such agreement may be pleaded in bar, and will have the effect of, though not in fact, a release. Guard v. Whiteside, 13 Ill. 7. And the same consequence follows on a contract to indemnify. Clark v. Bush, 3 Cowen 151. But this rule formerly only applied where there was but one debtor. If more than one was sued, a covenant not to sue one could not be pleaded in bar of the action, even as to him only. Lindley on Partnership, 237. But these distinctions are inapplicable in this case.

Contrary to the ancient rule (Chandler v. Parkes, 3 Esp. 76), a defense personal to one defendant may here be put in as to himself only.   Morrow v. People, 25 Ill. 330.

Some of the cases seem to regard only infancy, bankruptcy and the like as personal defenses, but the more intelligent rule is, that any defense that applies only to one is personal to him; and besides, in this case the action is prosecuted against the appellant only, the principal in the bond not being brought in.

We therefore hold that if in any form the appellant may have the benefit of the agreement with the bank, it is a defense here.   Can any reason be suggested why, if the bank had had no interest in the judgment either of Chisholm or of the appellee, but having an interest to avoid them both, such an agreement as is alleged would not have been valid ? And if so valid, and the bank had thereafter become the owner of either of the judgments, could it then have enforced—in the name of the judgment creditor—the bond for its own benefit ?

It must be borne in mind that the bank had no legal, only the equitable, title to the judgment in favor of the appellee; and it would be a singular application of principles of equity that an agreement to indemnify, which would be enforceable against the bank to its loss, can be disregarded by the bank if it can profit by so doing.

The bank has still its remedy against the principals in the bond, who are not discharged by the discharge of the surety.   Gordon v. Moore, 44 Ark. 349.

The court erred in sustaining the demurrer and the judgment is reversed and the cause remanded.