Kent, J.
delivered the opinion of the court. The ancient authorities lay it down as law, that a writ of *error is no supersedeas to an action of debt, on a judgment. (Dy. 32, pi. 5. T. Raym. 100. , 2 Bae. Abr. 211, and the authorities there cited.) But it has since been otherwise determined, and seems now to be settled, that a writ of error pending may be pleaded in abatement, though it may not be pleaded in bar, to a suit on the judgment. (Carth. 1. 1 Lord Raym. 47. Skin. 590. 1 Lilly’s Entr. 11.)
The plea, however, in the present case, is, in several respects, bad. It does not conclude, either in abatement or in bar. A plea in abatement is to be known by its conclusion, (10 Mod. 112,) and requires great precision ; but it is impossible to tell whether this was intended as a plea in abatement or in bar, though perhaps this objection is not good but on a special demurrer. (3 Term Rep. 186.) The plea does not state that the writ of error was brought prior to the commencement of the present suit; which is an essential averment to render a plea of this kind good. (Carth. 1. 1 Lilly’s Ent. 11.) Nor does it state the requisite steps taken, to render a writ of error a supersedeas, even to an execution on the judgment, under the act of congress, which says, that a writ of error is no supersedeas to an execution, unless a copy of it be lodged, for the adverse party, in the clerk’s office, where the record remains, within ten days after judgment rendered. And, if it be no supersedeas to an execution on the judgment, there is no reason why it should abate an action of debt on the judgment. So, that on either of the *313 two last grounds, we are of opinion that the plea is bad, and that judgment must be rendered for the plaintiff.
Judgment for the plaintiff.(a)

(a) See Graham’s Practice, 3d ed. vol. i. p. 624.