The Pitts Sons' Manufacturing Company

*v.*

The Commercial National Bank of Chicago.

*Filed at Ottawa September 26, 1887.*

1. Pleading—*pleas in abatement and in bar—of their respective qualities.* Pleas in actions at law are divided into two classes,—in abatement and in bar. The former, without disputing the justness of the plaintiff's demand, objects to the place, mode or time of asserting it, and therefore requires that, *pro hac vice,* judgment may be in favor of the defendant, leaving the plaintiff free to sue again, while those in bar present a defence to the merits. The former are required to be certain to every intent.

2. Whether a plea is in abatement or in bar, is to be determined, not from the subject matter of the plea, but from its conclusion. The prayer of the plea determines its character.

3. A plea beginning in bar and ending in abatement, is in abatement, and though beginning in abatement and ending in bar, is in bar; and so a plea beginning and ending in abatement, is in abatement, though its subject matter be in bar, and a plea beginning and ending in bar, is in bar, though its subject matter is in abatement.

4. A plea to an action on the defendant's promissory notes, that the plaintiff and other creditors had agreed to an extension of the time of payment, and not to sue on the notes until the extension had expired, and praying judgment, commencing and concluding as a plea in bar, must be held a plea in bar, though the subject matter is in abatement, and is bad on demurrer.

5. ACTIONS AND DEFENCES—*matters in bar or in abatement, generally.* Where the matter to be pleaded is to the effect that the plaintiff can not maintain any action at any time, it must be pleaded in bar; while matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should be pleaded in abatement.

6. SAME—*action prematurely brought.* A contract for an extension of the time of payment of a note or debt can not be pleaded in bar of an action brought before the time, as extended, has expired.

7. COMPOSITION WITH CREDITORS—*extension of time of payment.* An agreement of a debtor's creditors to extend the time of payment of his several debts to them, is not a composition of the debts or displacement of the original contracts.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of La Salle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Plaintiff in error made and delivered to Meeker & Co. its three promissory notes, which the payees assigned to defendant in error, who brought suit thereon. The defendant pleaded, specially, three pleas; but reliance was placed upon the second amended plea, which was as follows:

"Now comes the said defendant, by its attorneys, and by leave of the court, etc., and defends, etc., and says *actio non,* etc., because, it says, that the causes of action set forth in the

special counts, and in the common counts of said plaintiff's declaration, are one and the same, and not other or different; that the only demand said plaintiff has against said defendant is upon the promissory notes, copies of which are attached to the said declaration, and which are declared upon in the special counts thereof. This defendant further says, that the plaintiff was not a *bona fide* holder, but held the notes in trust for Meeker & Co.; that on the day named, defendant was in embarrassed circumstances and unable to meet its financial obligations; that Meeker & Co., then the owners of the notes, were threatening suit thereon; that defendant was then indebted to Meeker & Co. on the notes, and also was indebted upon debts due to certain other creditors, (naming them,) which last named creditors also threatened suit; that Meeker & Co., at the request of the defendant, and in consideration that the other creditors, aforesaid, of defendant, would withhold suits against defendant and give further day of payment, then and there agreed with defendant, and with the other creditors of defendant, aforesaid, to withhold suit against defendant, and to extend the time and give further day of payment, as follows, (naming such time,) and not to sue defendant upon either of said notes until default had been made in the said payments upon the said further days, as aforesaid; that Meeker & Co. and the creditors named, in consideration that each should withhold suit and give further days of payment, as aforesaid, then and there mutually agreed to, and did, withhold suits, and did give further day of payment, as aforesaid, and then and there mutually agreed not to bring suit until default had been made in the payments upon said further days of payment, as aforesaid. And this, defendant is ready to verify; wherefore it prays judgment," etc.

This suit was commenced and plea filed before either of the installments became due according to the agreement set up in the plea. A demurrer to the plea was sustained. The defendant stood by its plea, and final judgment for plaintiffs.

was rendered, which the Appellate Court for the Second District affirmed. The record is brought here by writ of error to that court.

Messrs. BULL, STRAWN & RUGER, for the plaintiff in error:

A simple agreement between a debtor and creditor to extend the time of payment is no bar to an action; but when made between a debtor and his creditors mutually, as a composition agreement, it presents equities of third persons, which courts of law have never refused to enforce, though presented by the debtor; and it can make no difference that the creditors are to be paid in full. *Boothby* v. *Sowden,* 3 Campb. N. P. 174; *Good* v. *Cheeseman,* 2 B. & Ad. 328; *Tatlock* v. *Smith,* 6 Bing. 339.

The cases of *Guard* v. *Whiteside,* 13 Ill. 7, *Archibald* v. *Argall,* 53 id. 207, and *Culver* v. *Johnson,* 90 id. 91, relied on by the Appellate Court, belong to the first class, and do not apply in this case.

The rule in those cases is extremely technical, and courts have departed from it on slight distinctions. *Brooks* v. *White,* 2 Metc. 283; *Harper* v. *Graham,* 20 Ohio, 105; *Murray* v. *Snow,* 37 Iowa, 410; *Pierce* v. *Hasbruck,* 49 Ill. 23; Bishop on Contracts, sec. 55.

Composition agreements may be pleaded in bar by the debtor to protect the rights and interests of third persons. *Perkins* v. *Lockwood,* 100 Mass. 249; *Farrington* v. *Hodgdon,* 119 id. 453; *Eaton* v. *Lincoln,* 13 id. 424; *Sage* v. *Valentine,* 23 Minn. 102; *Paddleford* v. *Thatcher,* 48 Vt. 574; *Fellows* v. *Stevens,* 24 Wend. 294; *Mellen* v. *Goldsmith,* 47 Wis. 573; *Pontius* v. *Durflinger,* 59 Ind. 27; *Renard* v. *Tuller,* 4 Bosw. 107; *Browne* v. *Stackpole,* 9 N. H. 478; *Pierson* v. *McCahill,* 21 Cal. 122; *Tatlock* v. *Smith,* 6 Bing. 339; *Austey* v. *Marden,* 4 B. & P. 124; *Wood* v. *Roberts,* 2 Starkie, 417; *Norman* v. *Thompson,* 4 Exch. 755; *Bradley* v. *Gregory,* 2 Campb. 383; *Butler* v. *Rhodes,* 1 Esp. 236; *Good* v. *Cheeseman,* 2 B. & Ad.

328; *Boyd* v. *Hind*, 1 H. & N. 938; *Steinman* v. *Magnus*, 11 East, 390; *Cockshott* v. *Bennett*, 2 T. R. 763; *Reay* v. *White*, 1 Cr. & Mees. 748; *Boothby* v. *Sowden*, 3 Campb. 174; *Belshaw* v. *Bush*, 11 C. B. 190.

Mr. D. B. Snow, for the defendant in error:

The plea was a plea in bar, and in no sense a plea in abatement, and was obnoxious to the demurrer. If the rule is technical, this court has recognized it. *Guard* v. *Whiteside*, 13 Ill. 7; *Perkins* v. *Gilmer*, 8 Pick. 229; *Central Bank* v. *Willard*, 17 id. 120; *Winans* v. *Huston*, 6 Wend. 461; *Thimbleby* v. *Baron*, 3 Mees. & Wels. 120.

The agreement set up was in no sense a composition agreement. *Perkins* v. *Lockwood*, 100 Mass. 249; *Gillifan* v. *Farrington*, 12 Bradw. 101.

Mr. Justice Shope delivered the opinion of the Court:

The common law system of pleading has prevailed in this State, and, from time to time, such modifications have been made by statute as seemed to be required, removing arbitrary and artificial distinctions, and, by the allowance of amendments at any and every stage of the proceeding, and to every reasonable extent, doing away with its purely technical and objectionable features. As a system of pleading, and as existing in this State, it is clearly defined, easily understood and certain. With the general, logical arrangement of the system, as at common law, there has been no interference by statute. The order of pleading, and the structure and office of pleas of different character, remain substantially unchanged. Without entering into an extended discussion, a statement of some of the principles of pleading seems necessary.

Pleas are divided into two general classes, viz., dilatory and peremptory, otherwise designated as pleas in abatement and pleas in bar. A plea in abatement is defined to be, a plea

that, without disputing the justness of the plaintiff's claim, objects to the place, mode or time of asserting it, and requires that therefore, and *pro hac vice*, judgment be given for the defendant, leaving it open to renew the suit in another place or form, or at another time; while to the second class belong all those pleas having for their object the defeating of the plaintiff's claim.   Hence, a plea in bar of the action may be defined as one which shows some ground for barring or defeating the action, and makes prayer to that effect.   Pleas in bar and pleas in abatement have, therefore, this marked distinction:   Pleas in bar are addressed to the merits of the claim and as impairing the right of action altogether, whereas pleas in abatement tend merely to divert, suspend or defeat the *present suit*.   1 Saunders' Pl. and Ev. 1, 2; Comyns' Digest, title "Abatement;" 1 Chitty's Pl. 441.

Owing to the nature and effect of pleas in abatement, they are required to be certain, to every intent.   (Comyns' Digest, title "Abatement," 1, 11.)   Whenever the subject matter to be pleaded is to the effect that the plaintiff can not maintan *any* action at *any time*, it must be pleaded in bar; while matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should be pleaded in abatement.   1 Chitty's Pl. 445.

Whether a plea is in abatement or in bar is to be determined, not from the subject matter of the plea, but from its conclusion.   The advantage or relief sought by the plea,— the prayer of the plea,—determines its character.   *(Jenkins* v. *Pepoon,* 2 Johns. Cas. 312; 1 Tidd's Pr. *637.)   It would be both illogical and absurd in a plea in bar to pray, as in a plea in abatement to the count or declaration, "judgment of the said writ and declaration, and that the same may be quashed;" and as only the relief asked can be awarded, a mistake in this regard is fatal to the plea.   And, hence, the rule that a plea beginning in bar and ending in abatement is in abatement, and though beginning in abatement and ending in bar

is in bar, so a plea beginning and ending in abatement is. in abatement, though its subject matter be in bar, and a. plea beginning and ending in bar is in bar, though its subject matter is in abatement. (Comyns' Digest, title "Abatement," b. 2.)   With respect to all dilatory pleas, the rule requiring them to be framed with the utmost strictness and exactness. is founded in wisdom.   It says to the defendant: If you will. not address yourself to the justness and merits of the plain-- tiff's demand, and appeal to the forms of the law, you shall. be judged by the strict letter of the law.   And so it has been held that a plea in abatement concluding, wherefore he prays. judgment if the said plaintiff ought to have or maintain his aforesaid action against him, etc., (a conclusion in bar,) is. bad.   *Jenkins* v. *Pepoon*, 2 Johns. Cas. 312; *Isley* v. *Stubbs*, 5 Mass. 280.

An inspection of the plea in question shows that in form. and structure, in its beginning and conclusion, it is a plea in bar to the count and declaration, and upon application of the principles announced it must be held to be a plea in bar. Its subject matter, however, is in abatement, and clearly falls. within the definition of matter pleadable in abatement.   The justness of the plaintiff's demand, that the defendant owes the debt evidenced by the notes sued on, is not denied, but the defendant denies that the debt is due.   He objects, then, simply as to the time the debt shall be asserted against him.   The contract set out in the plea is of an extension of the time of payment, and such a contract, this court has repeatedly held,. can not be pleaded in bar of an action brought before the time has expired.   *Guard* v. *Whiteside*, 13 Ill. 7; *Hill* v.. *Enders*, 19 id. 163; *Payne* v. *Weible*, 30 id. 166; *Archibald* v.. *Argall*, 53 id. 307; *Culver* v. *Johnson*, 90 id. 91.   .

The circuit court did not err in sustaining the demurrer to. the plea, and when the defendant elected to stand by its plea, final judgment was properly rendered against it,—for the rule is, if matter in abatement be pleaded in bar of the action,

final judgment shall be against the defendant, if the plea be disallowed.   Comyns' Digest, title "Abatement," 1, 15.

But it is contended that there is a substantial difference between an agreement to extend the time of payment when made simply between the debtor and a creditor, and when made between the debtor and his creditors mutually, as a composition agreement; that while the former has been held no bar even when made upon a good consideration, the latter presents equities of third parties, which courts of law have never refused to enforce, although presented by the debtor, and in support of this last position a number of authorities are cited.   Without expressing any opinion as to whether composition agreements may or may not be pleaded in bar by the debtor in cases where suit is brought before the time of payment fixed in such agreement, it is enough to say, the agreement pleaded is in no sense a composition agreement.   A number of the creditors of plaintiff in error agreed with him to extend the time of payment of his several debts to them— this, and nothing more; and we adopt the language of the Appellate Court, that "there is no composition of the debt or displacement of the original contract."   That others besides defendants in error joined in the agreement, may go to the consideration of the agreement for extension, but in no way changes the character of the contract.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*