# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1895.

## Francis M. Bacon et al. v. Schepflin, Schultz & Co.

1. PLEADING—*Where the Defendant is Sued by a Wrong Name.*— Where a defendant is sued by a wrong name in an ordinary action, if he pleads, whether in abatement or in bar, he must not commence his plea with an assumption that he has been before mentioned in the case. If he does so, his plea will be bad on demurrer.

2. SAME—*Premature Bringing of an Action.*—The premature bringing of an action may be pleaded in abatement.

Attachment.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

MOSES, PAM & KENNEDY, attorneys for appellants.

Pleas in abatement are treated strictly.

The improper entitling of the plea in abatement is cause for demurrer. Holloway v. Freeman, 22 Ill. 197; Gould on Pleading, 432, Sec. 12; 1 Chitty, Pleading, 465–6.

SMITH, SHEDD & UNDERWOOD, attorneys for appellees.

The premature bringing of a suit is ground for a plea in abatement. Collins v. Montemy, 3 Ill. App. 184; 1 Chitty Pleading (16th Am. Ed.), 469; 1 Encyc. Pleading and Prac-

tice, 22; Collette v. Weed, 68 Wis. 428; Smith v. Holmes, 19 N. Y. 271; Pitts v. Bank, 121 Ill. 586.

Pleas in abatement are strictly, but not prohibitively, construed. Holloway v. Freeman, 22 Ill. 197; Fowler v. Arnold, 25 Ill. 284; Cook v. Yarwood, 41 Ill. 118.

After the overruling of plaintiff's demurrer to a plea in abatement, the court can not permit plaintiff to reply to the plea, but judgment that the writ be quashed must be given. Spaulding v. Lowe, 58 Ill. 96; Eddy v. Brady, 16 Ill. 306; Ridgeway v. Smith, 17 Ill. 34; 1 Chitty's Pleading, star page 483; Gould's Pleading, p. 277, Sec. 159; Stephen's Pleading, 107; Motherell v. Beaver, 2 Gil. 69; McKinstry v. Pennoyer, 1 Scam. 319.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants commenced a suit in attachment against the appellees by their partnership name, as the statute permits.

To that a·plea was filed as follows:

" STATE OF ILLINOIS, ⎱ ss.   In  the Superior Court of Cook
   County of Cook. ⎰        County, April term, A. D. 1895. .

Francis M. Bacon, Francis M. Bacon, ⎫
   Jr., and James F. Bacon, plaintiffs, ⎪
                vs.                    ⎬   Attachment.
Christian Schepflin and Peter Schultz, ⎪
   co-partners as Schepflin, Schultz  ⎪
   & Co., defendants.                 ⎭

And the said Christian Schepflin and Peter Schultz, defendants, by Smith, Shedd & Underwood, their attorneys, come and defend, etc., and pray judgment of said writ, because they say that at the time of suing out the writ of attachment herein, and of the beginning of said writ, there was no sum of money due or payable from said defendants, or either of them, to said plaintiffs, or either of them, on account of the several supposed promises in said declaration of said plaintiffs mentioned, or for or on account of any other matter or thing whatsoever, and that said several

supposed sums of money and each of them, in said declaration alleged to have been promised by said defendants to said plaintiffs, will become due and payable from said defendants to said plaintiffs on the 6th day of June, 1895, and not prior thereto, and this they, the said Christian Schepflin and Peter Schultz, are ready to verify; wherefore they pray judgment of said writ and that the same may be quashed, etc.

> SMITH, SHEDD & UNDERWOOD,
> Attorneys for Defendants."

The appellants demurred, assigning as one of the causes : " Said plea is not a plea by the defendants in said cause."

That the premature bringing of an action may be pleaded in abatement is not questioned. Pitts Sons' Mfg. Co. v. Commercial Nat. Bk., 121 Ill. 582.

Neither by briefs of counsel nor our own research, do we find that the text book writers had any knowledge of attachments against defendants by other than their individual names.

We must determine from the purpose of pleadings, and from analogy, whether this plea is good.

Considering the quoted cause assigned, the case most nearly resembles that of a defendant sued by a wrong name in an ordinary action, in which case, if he pleads, whether in abatement or in bar, he must not commence his plea with an assumption that he has been before mentioned in the case. 1 Ch. Pl., Ed. 1828, 468.

If he does, his plea is bad on demurrer.

Now that is what has been done here.

The plea should have commenced : " And Christian Schepflin and Peter Schultz, against whom the said Francis M. Bacon, Francis M. Bacon, Jr., and James F. Bacon have sued out a writ of attachment by the name of Schepflin, Schultz & Co."

The demurrer should have been sustained with judgment that the defendants answer over.    1 Ch. Pl., 405, same Ed.

The judgment is reversed and the cause remanded.