## American Merchants Manufacturing Co. v. Gustav A. Kantrowitz and Isaac H. Foreman.

1.  CONSIDERATION—*Where a Court Will Not Inquire into it.*—If an article or a right which may be the subject of valid transfer, be fairly sold and purchased for a stipulated consideration, a court will not annul the bargain because the article or right possesses little or no value.

2.  SAME—*In Reference to Patent Rights.*—So long as the validity of a patent stands, evidence as to whether it is really valuable or useful, in either a less or greater degree, is not admissible for the purpose of inquiring into the adequacy of the consideration of a contract based upon such patent.

3.  CONTRACTS—*Construction of.*—Words employed in contracts should be construed in accordance with their plain, natural and obvious meaning.

4.  PRACTICE—*Questions of "Premature Suit."—How Raised by Plea.*—The question whether an action is premature can not be raised by a plea of the general issue.  It must be raised by a plea in abatement.

Assumpsit, for royalties on patents.  Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.  Finding and judgment for plaintiff.  Appeal by defendant.  Heard in the Branch Appellate Court of the First District, at the March term, 1898.  Affirmed. Opinion filed May 31, 1898.

ASAY & CLARE, attorneys for appellant.

FELSENTHAL & D'ANCONA, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellees being the owners of certain patented inventions adapted to the driving mechanism of velocipedes, entered into a contract with appellant giving to appellant an exclusive license to manufacture and sell the articles covered by said patents.

We adopt such paragraphs of the synopsis made in the brief for appellant, of the agreement that was entered into by the parties, as is needed to an understanding of the questions in controversy. They are as follows:

" First. That appellant shall pay as royalty to appellees one dollar for each article sold by appellant.

Second. That appellant shall sell at least 1,000 of the articles in each and every year during the continuance of this license; the first year to begin on April 1, 1896, and annually on the first days of April thereafter.

Third. That payment of such royalties shall be made to appellees in the following manner :

' On the first day of each and every month after April, 1896, appellant shall furnish to appellees a written verified statement, showing the number of articles sold by it during the preceding month, provided that the amount so to be paid by appellant shall in no instance be less than eighty dollars; and appellant shall, at the same time, pay to appellees the royalties that are shown to be due them; provided that nothing herein shall release appellant from its obligation to pay appellees royalties on at least 1,000 of said articles in each and every year during the life of this agreement.'

Eleventh. Provides, in regard to one of the patents or applications being held invalid, that the contract shall still be binding as to the other patent ; and further provides :

' That appellant shall nevertheless manufacture or cause to be manufactured and sold articles covered in the other patent and shall pay to appellees royalties on at least 1,000 of such articles in each year, during the life of the agreement.' "

The agreement was dated February 24, 1896, and it was provided that the first year of the term of the license and agreement should not begin until April 1, 1896.

Suit was brought by appellees to the January term, 1897, and at the trial it was proved that no payments had been made on the contract for the months of June, July, August, September, October, November and December, 1896, and that $385.83, including interest, was due to appellees under the contract, upon the basis that two-thirds of $80 per month for those months was what appellees were entitled to.

By way of defense the appellant offered to prove that the patented invention mentioned in the agreement sued on was of little value, but such line of proof was excluded by the trial judge; and it was next insisted that the action was prematurely brought, in that no cause of action arose on the agreement until the expiration of one year from April 1, 1896, but the trial judge held otherwise.

It was then admitted by the plaintiffs (appellants) " that the defendant sold not to exceed twenty-five of the devices covered by said letters patent of the United States, and the royalty on said devices so sold by said defendant has been paid to said plaintiffs by said defendant."

And there was no other evidence on either side, except the contract itself.

The judgment for $385.83, here appealed from, was thereupon entered in favor of the appellees.

The questions thus raised are but two, and they are questions of law.

The first one goes to the failure of consideration, invoked by the refusal of the trial court to admit offered proof that the invention mentioned in the agreement sued on was of little value; and it is conceded that in connection with this point we should consider the admission made by appellees that the appellant sold not to exceed twenty-five of the patented devices, and that the royalty on them was paid to appellees.

It must be kept in mind that there is here involved no question of title, no fraud, no warranty, express or implied,

no mistake as to facts, but merely a question of value—as to which, for aught that appears in this record, each party was possessed of equal information—and in such cases the parties are bound by their contracts. If an article, or a right. which may be the subject of valid transfer, be fairly sold and purchased for a stipulated consideration, a court may not annul the bargain because the thing or right possesses little or no value. If that could be done, it would be permitted to the court in every case to inquire into the value of the subject of sale, and to adjust its judgment accordingly, as a substitute for that of the parties, which would do away with the liberty of parties to make their own contracts.

Letters patent of the United States being lawfully grantable only for new and useful inventions, are *prima facie* evidence that the inventions described in them are new and useful ones, and that the patents are valid; the degree of utility possessed by the invention—provided it is useful at all in the sense of being capable of application to some practical and beneficial purpose, and not be frivolous, or injurious to the well-being or morals of society—does' not affect the validity of the patent. Therefore, so long as the validity of the patent stands, the question of whether the patent is really valuable or useful, or not, in either a less or greater degree, is not admissible for the purpose of inquiring into the adequacy of the consideration for a contract based upon the patent. To sustain these several propositions, we cite Hardesty v. Smith, 3 Ind. 39; Nash v. Lull, 102 Mass. 60; Myers v. Turner, 17 Ill. 179; Richards v. Betzer, 53 Ill. 466; Leggatt v. Sands Brewing Co., 60 Ill. 158.

The second and only other question is whether the action was prematurely begun, it being contended that no action could be maintained until one year from April 1, 1896.

The "third" clause substantially set out in the synopsis we have adopted, as above, must be looked to for the determination of the question upon its merits. Applying the rule that words employed in contracts should be construed in accordance with their plain, natural and obvious meaning,

it would seem to be indisputable that appellees were entitled to receive from appellant in monthly payments, after April 1, 1896, whatever royalties should be shown to be due by the monthly statements provided for, which payments, however, should in no month be less than $80. Such is our construction of the contract, notwithstanding the able and ingenious suggestions of counsel for appellant to the contrary.

It therefore follows that appellees, being entitled to have such monthly payments of not less than $80, were at liberty to bring separate suits upon each installment so becoming due to them monthly, or to unite such installments as had become payable in one action. Godfrey v. Buckmaster, 1 Scam. 446 (470); Consolidated Coal Co. v. Peers, 150 Ill. 344.

The last cited case is substantially in point upon the main question under consideration.

It is also pointed out by appellees that the question whether the action was premature can not be raised by a plea of the general issue, but should have been raised, if at all, by a plea in abatement, and the cases of Pitts' Sons Mfg. Co. v. Commercial Nat. Bank, 121 Ill. 582, and Palmer v. Gardiner, 77 Ill. 143, are relied upon as so holding.

We are inclined to regard the point as well taken, but prefer to base our decision upon the merits.

Perceiving no error in the judgment, it will be affirmed.