**Francis M. Bacon et al. v. Christian Schepflin et al.**

1. RECOVERY—*The Cause of Action Must Exist at the Commencement of the Suit.*—The cause of action must exist at the time of the institution of the suit, and where the demand had not then matured, the defendant may avail himself of the objection at the trial under a plea of the general issue.

2. EVIDENCE—*Under the General Issue—No Cause of Action at the Commencement of the Suit.*—Evidence is competent under a plea of the general issue showing that, at the commencement of the suit, the money sued for was not due.

3. PRACTICE—*What May Be Shown Under the General Issue.*—It is always proper to show, under the plea of non-assumpsit, that the plaintiff had no cause of action at the commencement of the suit.

4. VERDICTS—*Where Responsive to the Issues.*—If, by looking into the record, the verdict can be seen to be responsive to the issues submitted, it will be sustained.

**Attachment and Garnishment.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 21, 1899.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellants.

ARTHUR W. UNDERWOOD, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

March 21, 1895, a suit in attachment was commenced by appellants against appellees, and garnishees were served. Appellees filed in said cause what was called a plea in abatement. To this plea a demurrer was interposed by appellant. That demurrer was overruled by the trial court, and such ruling by the trial court was reversed by the Appellate Court of this district (63 Ill. App. 17). In accordance with the opinion of the court, appellees answered over by filing their plea of general issue.

At the trial upon the issue thus presented, the only evidence offered by appellants as to the indebtedness of appellees to appellants is an assignment for the benefit of creditors, made by appellees. It is stated in this record that in the list of creditors attached to said assignment (which is not in this record) are the following words, viz.:

" Bacon & Co. $3,386.20, open account."

No caption or heading to any list of creditors is shown, nor is there any testimony as to when the amount owing to appellants became or was to become due and payable.

Appellees introduced evidence to the effect that such indebtedness did not mature or become due and payable until about May 3d, *i. e.*, some six weeks after this suit was commenced. To the introduction of that testimony by appellees, the appellants duly objected and excepted.

There was no other evidence offered in the case. Thereupon appellants moved the court to instruct the jury as follows, to wit:

" The court instructs the jury, as a matter of law, that

the alleged defense of the non-maturity of the plaintiffs' account at the time of the beginning of this suit can not be raised under the plea of general issue.

"The court instructs the jury, as a matter of law, that under the pleadings in this case the alleged defense of non-maturity of the plaintiffs' account, at the time of the beginning of this suit, can not prevail, and the same should be disregarded by the jury.

"The court instructs the jury to find the issues for the plaintiffs herein, and to assess the plaintiffs' damages at the sum of $3,386.20."

The court refused each of said instructions, and appellants duly excepted.

Thereupon, at the request of appellees, the court gave the following instruction, viz.:

"The court instructs the jury to find the issues submitted to them in this case for the defendants."

On behalf of appellants it is urged, (1) that non-maturity of a debt must be pleaded in abatement and not in bar; and (2) that appellees, having pleaded non-maturity by plea in abatement, could not prove that fact under the general issue.

First. Although the fact that a debt had not matured under the contract sued on at the time suit was commenced may be pleaded in abatement, it may also be shown under the general issue. Mr. Justice Bailey, speaking for the court, states the rule very clearly in Kahn v. Cook, 22 Ill. App. 559, 562, thus:

"The cause of action must exist at the time of the institution of the suit, and where the demand had not then matured and the general issue is pleaded, the defendant may avail himself of the objection at the trial. Collins v. Montemy, 3 Ill. App. 182. It is always proper to show, under the plea of *non-assumpsit*, that the plaintiff never had a cause of action."

In Hamlin v. Race, 78 Ill. 422, in which the general issue only was pleaded, the court said:

"We had supposed no rule was more inflexible or better established than that a plaintiff can not recover for money not due at the institution of the suit."

It is urged that the rule, as stated in Kahn v. Cook,

*supra*, is, in effect, held to be incorrect in Pitts' Sons v.
Com. Nat. Bk., 121 Ill. 582, decided soon after. But prior
to the Kahn case, the Supreme Court, in Culver v. Johnson,
90 Ill. 91, had laid down the same rule that is given in
Pitts' Sons case. The rule, as stated in the Culvert case,
was no doubt before Mr. Justice Bailey when he wrote in
the Kahn case.

But we do not understand that the rule laid down in the
Kahn case is in conflict with the cases in the Supreme
Court. The defense in each of said Supreme Court cases
was that by a subsequent and separate agreement the time
of payment, fixed by the regular contract sued upon, had
been extended, and in each case it was held that such
extension agreement could not be proven under the general
issue. The rule, as stated in the Kahn case, is recognized
in the Culvert case, where the Supreme Court says:

"It may be, if. the defense had been that at the time of
the institution of the suit the money was not due by the
terms of the contract sued on, a different rule would
apply."

The case of Am. Merchants' Mfg. Co. v. Kantrorvitz, 77
Ill. App. 155, is cited by appellant as being in conflict with
the Kahn case. In that case the question is not definitely
decided, but the intimation there made is not the law.

Second. Were the appellees estopped from proving that
the debt had not matured under the terms of the con-
tract sued on, because they had filed said so-called plea in
abatement?

Appellees attempted to file, in the case at bar, a plea in
abatement, and to thus present the issue that the debt had
not matured. But it was held (63 Ill. App. 17, cited *ante*,)
upon demurrer that the plea was bad as a plea in abate-
ment, and that appellees should answer over. Even if the
rule be as contended (as to which we express no opinion),
that by pleading in abatement the non-maturity of the debt
a defendant waives the right to tender the same issue by
plea in bar, still it would not be applicable here, because
the appellees did not plead in abatement, although they

attempted so to do.   It can not now be held that they plead in abatement when it has been adjudicated in this case, at the instance of these appellants, that the plea referred to is not a plea in abatement.

It is also contended that the judgment must be reversed, for the reason that the recorded verdict is against the "defendant" when there is more than one defendant.

The court instructed the jury to find the issues for the defendants, using the word in the plural.   With that fact in the record the omission of the letter "s" in the recorded verdict, thus using the word in the singular number, does not vitiate the judgment.

In Daft v. Drew, 40 Ill. App. 266, the verdict was for the "plaintiff," the fact being that there were several plaintiffs.   The letter "s" was omitted from the recorded verdict, the same as in the case at bar.   The court there states that "as to irregular and informal verdicts, the rule is that if by looking into the record the verdict can be seen to be responsive, it will be sustained."

The judgment of the Superior Court is affirmed.