556    APPELLATE COURTS OF ILLINOIS.

The Irving Park Natl. Bank v. Cramer, 226 Ill. App. 556.

## The Irving Park National Bank, Appellee, v. Burrell J. Cramer, Appellant.

### Gen. No. 27,192.

1. NEGOTIABLE INSTRUMENTS—*sufficiency of affidavit of merits to state defense of extension of time for payment.* An affidavit of merits in a suit to collect a promissory note which alleges that prior to commencement of the action the holder of the note stated that, if defendant would furnish certain collateral, the note would be extended to a period beyond date on which suit was filed, and that at the time of such conversation the collateral in question was pledged as security for another loan and that defendant agreed that as soon as it was available he would give a new note secured by such collateral, that plaintiff thereupon agreed to extend the time of payment ninety days from the date on which such collateral would be released, and that defendant agreed to try to secure plaintiff otherwise which he was unable to do, does not state facts which will bar action on the ground that it was prematurely brought prior to the time of the promised extension.

2. NEGOTIABLE INSTRUMENTS—*necessity for consideration for extension.* A promise by the holder of an overdue note to extend the time for payment thereof made in consideration of the maker's agreement to give a new note at a later date secured by certain collateral which would not be available until that date is a mere *nudum pactum* and there is no consideration for the alleged extension.

TAYLOR, J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed November 29, 1922.

BURRELL J. CRAMER, *pro se.*

ATWOOD, PEASE, LOUCKS & PETERSON, for appellee; JOHN D. PETERSON, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff bank sued the defendant on his prom-

issory note for $325, dated August 27, 1920, due ninety days after date, payable to the order of the plaintiff. The plaintiff filed its statement of claim on April 14, 1921.

By the affidavit of merits filed by the defendant, the latter alleged that he had a good defense upon the merits to the whole of the plaintiff's demand; that on or about February 15, 1921, the plaintiff, by its agent, told the defendant that if he would furnish the plaintiff certain collateral, the time of payment on the note would be extended to a date ninety days beyond this alleged conversation; that the defendant told said agent that the collateral referred to was tied up as security on another loan which would be due April 21, 1921, at which time, the defendant assured the said agent, he would pay the other loan and secure his collateral, and that thereupon he would give the plaintiff a new ninety-day note dated April 21, 1921, and secure the latter note with said collateral; that in consideration of this proposition by the defendant, "the time of payment of the note sued upon herein was agreed to be extended ninety days from said April 21, 1921"; that the defendant further assured said agent of the plaintiff that in the meantime he would try to renew a mortgage on his home, including in the renewal an amount sufficient to enable the defendant to pay the note in question prior to the date agreed upon; that the defendant had been unable to make such renewal of the mortgage referred to; that notwithstanding the agreement referred to, plaintiff instituted this suit on April 14, 1921; "that by reason of the aforesaid facts, the above suit has been prematurely brought, and said plaintiff is not entitled to recover of this defendant any sum of money whatsoever."

On plaintiff's motion this affidavit of merits was stricken. The defendant elected to stand by the affidavit of merits. The court then found the defendant in default for want of a sufficient affidavit of merits,

558    APPELLATE COURTS OF ILLINOIS.

The Irving Park Natl. Bank v. Cramer, 226 Ill. App. 556.

and entered judgment in the plaintiff's favor, in the sum of $337.40, to reverse which the defendant has perfected this appeal.

There is no bill of exceptions in the record. We shall consider the motion to strike, as a demurrer to the affidavit of merits. It is apparent from the allegations made by the defendant in his affidavit of merits, which are quoted above, that it was in the nature of a plea in bar and not a plea in abatement. Assuming that the facts were as set forth in the affidavit of merits, the agreement therein alleged could not be pleaded in bar of the action brought by the plaintiff, even though it was brought before the expiration of the extended time agreed upon. *Pitts Sons' Mfg. Co. v. Commercial Nat. Bank of Chicago,* 121 Ill. 582; *Bacon v. Schepflin,* 185 Ill. 122.

Furthermore, it is apparent from the allegations contained in the affidavit of merits that there was no consideration for the agreement which it is claimed the plaintiff's agent made that the time of payment on the note would be extended. Defendant refers to cases holding that the giving of new security is sufficient consideration for an extension or forbearance. But the affidavit of merits does not allege that the defendant gave the plaintiff new security in consideration of the alleged promise of extension but that he promised that he would, at a given date in the future, give the plaintiff a new note with the collateral referred to as security. In our opinion that promise could not be enforced and was a *nudum pactum* and therefore it cannot be considered as furnishing consideration for the alleged extension.

The judgment of the municipal court is therefore affirmed.

*Affirmed.*

O'CONNOR, J., concurs.
TAYLOR, J., dissents.